ERNEST GILLEYLEN v. E. R. McKINNEY ET AL.

GUARDIAN AND WARD. *Final settlement.* *Surcharging account.*

> In case a guardian makes a final settlement in the court with the
> ward, who has become adult, and the ward appears and files an
> answer, admitting the correctness of the account, and acknowl-
> edges receipt of the balance shown to be due, and the court ap-
> proves the settlement and decrees the payment to have been made,
> and the ward afterwards files a bill denying the payment and seek-
> ing to surcharge the account, and the material facts thereof are
> denied by the answer to the bill, a decree dismissing the bill and
> refusing to open the account is correct, if the evidence establishes
> the truth of the answer.

FROM the chancery court of Monroe county.

HON. BAXTER McFARLAND, Chancellor.

In 1891, D. C. Gilleylen, as guardian of appellant, Ernest
Gilleylen, filed his final account, showing a balance due the
ward, and, at the September term of the court, the said final
account was approved, the decree adjudging that the ward was
of age, and had been paid the balance due him shown by the
final account. In August, 1893, the bill in this case was filed
by the appellant, seeking to surcharge and falsify the final ac-
count, disputing the payment of the balance as decreed, to va-
cate a deed made by the guardian as fraudulent as to creditors,
and to vacate a deed which the appellant, the ward, had made
to D. C. Gilleylen, the guardian, as having been obtained by
fraud. The answer to the bill denied all of its material aver-
ments, and the cause was heard on the proof. Additional facts
are stated in the opinion. The chancery court dismissed the
bill, and complainant appealed.

*Clifton & Eckford*, for appellant.

As a statutory bill of review or a bill to surcharge the

guardian's account, it being filed within two years, the appellant would be allowed to attack the decree by merely alleging error in it, pointing it out, and offering to show it by evidence aliunde. *Maye* v. *Clancy*, 57 Miss., 674 (R. C. 1892, § 1960; acts 1894, p. 45; Hutch. code, p. 728, § 3); *Gadberry* v. *Perry*, 27 Miss., 114.

The sworn answer by E. Gilleylen acknowledging that the final account was correct, and the receipt of the amount of money shown to be due, ought not to work an estoppel in this case, for the following reasons, to wit: (1) It was obtained by undue influence directly exercised by the guardian over his ward, which, in cases like this, is the same as actual fraud; (2) it was obtained by the guardian, through the means of a false statement of an existing fact, on which the ward relied and acted.

There is no claim or pretense that one dollar of the balance shown by the final account was ever paid to E. Gilleylen, at the time the answer was signed or afterwards, but that it had been disbursed in accordance with instructions from the ward, and hence he truly acknowledged that he had received the money. We submit that the transaction, as claimed by the guardian, was a gift from the ward to his guardian.

We understand the rule of law applicable here to be this: That, in all contracts, conveyances or transactions between guardian and ward, there arises out of their relationship a presumption of the law of undue influence, and that this *prima facie* presumption becomes conclusive whenever it is made to appear that the guardian received any benefits from the transaction. It is a rule of public policy applied to all fiduciary relationships, such as attorney and client, principal and agent, trustee and *cestui que trust*, independent of any fraud in fact or intent to fraud. *Meek* v. *Perry*, 7 Ga., 190, 245, 252; *Goodrich* v. *Harrison*, 32 S. W., 622; *Folkes* v. *Lombard*, 11 So. Rep. (Miss.), 729; *Hemphill* v. *Helford*, 50 N. W., 301; *Pirent* v. *Kerrigan*, 20 Am. Rep., 226, 227; *Earhart* v. *Holmes*,

66 N. W., 898; *Gillett* v. *Wiley*, 19 N. E., 288–290; *McPar-land* v. *Larkin*, 39 N. E., 609–611; 2 Pom. Eq., 961; 1 Story's Eq., sec. 317.

This is the law in the case, and fatal to appellee, even if the guardian had used appellant's estate to keep his brothers at school on direct instructions from appellant. But there can be no doubt about the actual fraud if we can show that appellant's money was not sent to his brothers, and this brings us to the second reason why this decree cannot work an estoppel against appellant, and that is because the guardian made a false statement of an existing fact, on which the ward relied and acted.

*Frank Johnston*, for the appellees.

This is a remarkable proceeding by the complainant against his grandfather, an old, helpless, and penniless man, who had devoted seventeen years of his life, of care, attention and his own substance, to the support and education of his three grandsons, including the complainant.

In 1891 D. C. Gilleylen filed his final account and petition for his discharge as guardian of the complainant. All the accounts, including the final account, had been sent to the complainant for his examination, and an answer for him to sign, by the attorneys of D. C. Gilleylen. The answer was filed, duly sworn to by the complainant, and states that the accounts had been examined, were correctly stated, that the balance had been fully paid, and prays for the discharge of the guardian. Upon this the court discharged the guardian, reciting in the final decree that the ward, then of age, had admitted in his answer of record, that he had examined the accounts, and that they were correct, and also acknowledged full satisfaction of the balance found due.

Conceding, for the argument, that the complainant can contradict or impugn the decree of the court in the guardianship proceedings, I respectfully submit to the court that the testi-

mony shows that the balance was paid by D. C. Gilleylen. The counsel for the appellant concedes that the preponderance of the evidence supports the answer on this point, and indicates that the balance was paid, as stated in the answer, but they insist that the rule of law is so strong that requires the highest good faith of guardians, that higher and more satisfactory proof of the denial of the answer should have been made.    The law requires good faith and entire fairness and candor of guardians in their transactions with their wards, but it does not require impossibilities in the way of proof of fairness and good faith. The court must be satisfied that there has been fairness, and no overreaching, by proper and competent evidence, and will scrutinize all dealings between the guardian and ward with care and circumspection; but this is the full practical extent of the rule, and this satisfies the reason upon which the doctrine rests.

It appears in this case, clearly and satisfactorily, that this complainant authorized his guardian to use part of his share of the estate to complete the medical education of his brother, J. R. Gilleylen, and the education of his other brother.    The complainant was then making his own living, was of age, and chose to be generous to his brothers.    The complainant, in his deposition, denies that he ever authorized this use of his money. But it clearly appears that he did authorize it, from the depositions of a number of worthy witnesses.

WOODS, C. J., delivered the opinion of the court.

Giving all due weight to the rule of law which requires the closest scrutiny of dealings between guardian and ward, we see no good reason for disturbing the decree of the learned court below.

When the final account of the guardian was filed in court in September, 1891, it was accompanied by the sworn answer of the ward, then of full age, acknowledging that the account was correct, and stating that he had examined, in person and by attorney, said final account, and all preceding annual accounts,

and acknowledging satisfaction in full of the sum appearing by said final account to be due him.    All these sworn statements were incorporated in and became part of the final decree passing the final account and discharging the guardian.    When the final account of the guardian was filed, and when passed, the ward had been virtually emancipated, and had been before that time (how long before does not appear), and was then, living, not with his guardian, nor under his influence and control, but in another state, and was, and for some time had been, engaged in active business for himself, and free from the supervision of the guardian.

It is very evident that the appellant was perfectly aware of the vital matter referred to in the final account, to wit: the balance apparently due him by the appellee, as guardian, and of the facts which constituted the satisfaction in full thereof, to which he swore in his answer to that account.    Indeed, the appellant is so completely overwhelmed by all the disinterested witnesses as to the manner in which this full satisfaction was had, that the court below could not well have done otherwise than discredit the evidence of appellant, and refuse to either disturb the final decree on the guardian's final account, or enforce payment again of the $965 apparently due thereby to the ward.

The decree now appealed from properly denied the cancellation of the two conveyances referred to in complainant's bill, and dismissed the same.    The whole proceeding appears to us to be devoid of any substantial merit.

*Affirmed.*